PER CURIAM.
Appellant appeals from an order in administrative proceedings requiring removal of projections from eight outdoor advertising signs so that they would conform to the size for which permits had been issued. We find that the order for removal was not supported by competent substantial evidence and reverse.
A violation notice was issued by the Department of Transportation charging appellant with enlargement of eight outdoor advertising signs owned by appellant, Way-fara, Inc. contrary to Sec. 479.07(1), Florida Statutes. The Department presented the testimony of one of its outdoor advertising inspectors who presented photographs of each of the signs taken on January 11,1972, and photographs of the same signs taken in August, 1977. In each of the photographs taken in 1977 it appears that the signs had been changed by the addition of plywood “cut outs” or extensions placed on the top edge of the basic sign structure. The basic *859 dimensions of the face of each sign measured ten feet by forty feet. These four foot extensions measured some eight feet in length, and contained various wording such as “Fast Service”, “Fried Chicken”, “Good Coffee”, “Bus Tours Welcome”, etc. The 1972 photographs of two of the signs show extensions fastened to the lower edge of the sign, with the wording “Open Soon”. On the remaining six signs the cut outs are not visible. The inspector had no knowledge whether the signs, in 1972, were originally constructed with the cut outs or extensions provided for each sign, as a part of its original structure. The only other evidence consisted of appellant’s annual application form for renewal of its sign permit for 1974 showing the dimensions “10 X 40” feet as the size of each sign for which permit was requested.
Appellant presented the testimony of the contractor who originally built each of appellant’s signs prior to December 8, 1971 (the controlling date for certain compensation provisions relating to removal of the signs under Section 479.24, Florida Statutes). He testified that each of the signs was originally equipped with a four by eight plywood cut out or extension, and that with exception of the two signs in the photographs showing the extensions at the bottom with the wording “Open Soon”, the cut outs were simply nailed to the back of the sign where they would be out of the way until the Wayfara store opened and they were put into use. He testified that it was the original intention and purpose for one of these extensions to be used on each sign, with the position and wording changed from time to time. When originally installed these cut outs were “mile-boards” to tell the traveling public how far it was to the Wayfara store. The evidence further showed that these cut outs or extensions were commonly used throughout the sign industry for the purpose of changing the message from time to time.
Section 479.01(12), Florida Statutes, the term “erect” is defined as follows:
“(12) ‘Erect’ means to construct, build, raise, assemble, place, affix, attach, create, paint, draw, or in any other way bring into or establish; but it shall not include any of the foregoing activities when performed as an incident to the change of advertising message or customary maintenance or repair of a sign structure.”
It is appellant’s contention that the signs as originally constructed were each equipped with the cut out or extension as indicated in the photographs for the purpose of changing the advertising message of each sign from time to time, and that such activities are permissible under the above quoted section.
The testimony of the inspector reveals that he did not know when the extensions were added, but had noticed them long before these violation charges were made against appellant, which tends to confirm their existence over a long period of time as contended by appellant.
It is our conclusion that the evidence in behalf of the Department, consisting of the photographs and the 1974 application for permit, was insufficient to overcome the testimony of the builder of the signs who positively and unequivocally accounted for the existence of the extensions for each sign at the time of their original construction. The photographs were not taken for the purpose of detecting sign violations, and they fail to reveal whether the extensions were indeed tacked to the back of each sign so as to be out of use until the store opened. The written application form indicates only that errors were made by the application which were apparently acquiesced in by the Department over the years, since no effort was made by the Department to collect the additional $2.00 per sign permit fee required for the additional sign height represented by the extensions.
It is our conclusion that the order under attack was not supported by competent substantial evidence and must therefore be reversed.
McCORD, C. J., and MELVIN and LARRY G. SMITH, JJ., concur.